UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) 2:05-cr-0078-PMP-GWF |
| v. | ) |
| | ) |
| SDI FUTURE HEALTH, INC., TODD STUART KAPLAN, JACK BRUNK, | ) ORDER RE DEFENDANTS' MOTION TO SUPPRESS |
| Defendants. | ) |

## I.  FACTS

On January 31, 2002, forty-two federal agents executed a Search Warrant of the business premises of Defendant SDI Future Health, Inc. in Westlake Village, California. Among those present at the time of the search were Defendant Todd Kaplan, President of SDI and owner of forty-eight percent of its stock, and Defendant Jack Brunk, Vice President of SDI and owner of eleven percent of its stock.

The Search Warrant executed on SDI was issued on January 28, 2002, by the Honorable Steven J. Hillman, United States Magistrate Judge for the Central District of California, based upon the affidavit of Internal Revenue Service, Special Agent Julia Rafferty Bomdstad.  Special Agent Bomdstad's affidavit alleged Defendants SDI and Kaplan had engaged in a conspiracy with physicians and others to fraudulently bill medi-care and private insurers for unnecessary sleep studies and fraudulent cardiac risk assessment studies, and tax evasion.  During the course of the search of SDI premises,

/ / /

Defendant Todd Kaplan and Robert Kaplan also signed written consents to permit search of an offsite SDI storage facility.

Following their Indictment on March 2, 2005, for conspiracy, health care fraud, and tax evasion, Defendants filed a Motion to Suppress Evidence from the Illegal Search of SDI Pursuant to Invalid Search Warrants (Doc. #41). Defendants contend that the Search Warrant was an impermissible General Warrant because it did not describe with required particularity the things to be seized. Defendants further argue that all evidence derived from the illegal seizure of documents from SDI should be suppressed as the fruits of an illegal search. Defendants extend this argument to items seized from SDI's offsite storage facility on the additional ground that the written consents signed on behalf of Defendants were obtained under duress and were tainted by the illegality of the Search Warrant

Following extensive briefing and a two-day Evidentiary Hearing, the Honorable George W. Foley, Jr., United States Magistrate Judge, entered Findings and Recommendations (Doc. #101) concluding that Defendants' Motion to Suppress should be granted in part and denied in part.

First, although the parties stipulate that Defendant SDI Future Health, Inc., has standing to challenge the Search Warrant at issue, the Magistrate Judge overruled the Government's claim that Defendants Todd Kaplan and Jack Brunk lack standing to challenge the seizure from the premises of SDI, and SDI's off-site storage location.

Second, the Magistrate Judge found that the Search Warrant failed to particularly describe the items to be seized and was overbroad and general in its scope with respect to eleven of the twenty-four items described in Attachment "B" as items subject to seizure under the Search Warrant.

Third, the Magistrate Judge found that the particularity defects in the Search Warrant were not cured by the supporting Search Warrant Affidavit because that Affidavit was not incorporated into the Search Warrant.

2

1  Fourth, the Magistrate Judge rejected the Government's argument that the
2  "permeated-with-fraud" exception to the particularity requirement under which a warrant
3  may authorize seizure of all of business' records was applicable.  See <u>United States v. The</u>
4  <u>Offices Known as 50 State Distributing Co.</u>, 708 F.2d 1371 (9th Cir. 1983).
5  Fifth, the Magistrate Judge found that the agents conducting the search on behalf
6  of the Government could not have objectively in good faith believed that the warrant was
7  valid as to at least eleven of twenty-four categories of items to be seized, and that the
8  Government failed to show exceptional circumstances which would justify application of
9  the good faith exception to overbroad categories of the warrant.
10  Sixth, the Magistrate Judge found that the thirteen valid provision of the Search
11  Warrant could be severed from the eleven overbroad provisions with only the latter being
12  subject to suppression.  See <u>United States v. Gomez-Soto</u>, 723 F.2d 649 (9th Cir. 1984).
13  Finally, the Magistrate Judge found that the consents of Robert Kaplan and
14  Defendant Todd Kaplan, which permitted Government agents to search an off-site storage
15  facility on the same date that the Search Warrant in question was executed, were valid or
16  invalid to the same extent as the Search Warrant itself.
17  On August 21, 2006, both Plaintiff United States (Doc. #113) and Defendants
18  (Doc. #114) filed Objections to the Findings and Recommendations of the Magistrate Judge
19  (Doc. #101).  In accord with the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local
20  Rule IB 3-2, the Court has conducted a de novo review of the proceedings before the
21  Magistrate Judge in connection with Defendants' Motion to Suppress (Doc. #41), and on
22  January 16, 2007, heard oral argument on the Objections.
23  / / /
24  / / /
25  / / /
26  / / /

## II   DISCUSSION

**A.   The Government's Objections**

    1.   **Standing of Defendants Kaplan and Brunk**

The Government objects to the Magistrate Judge's finding that Defendant's Todd Kaplan and Jack Brunk have standing to challenge the search and seizure of property from SDI's corporate headquarters and offsite storage facility.  Specifically, the Government contends that Defendant's Kaplan and Brunk demonstrate no objectively reasonable expectation of privacy with respect to the premises searched or records sought under the Search Warrant.  The Court disagrees.

The evidence adduced before the Magistrate Judge establishes that Defendant's Kaplan and Brunk both had significant ownership interests in SDI.  As corporate directors and managers of SDI, both exercised a high level of authority over the operations of the company including the authority to set and control policy regarding access to SDI's business records and computer systems. Kaplan and Brunk maintained offices at SDI's corporate headquarters and were present during the execution of the Search Warrant. Moreover, as noted by the Magistrate Judge, Defendants "maintained a level of security and confidentially practices regarding its premises and records that one would reasonably expect of a health care provider." (Findings and Recommendation at 25).

Under the circumstances, Defendant's Kaplan and Brunk clearly enjoyed a subjective expectation of privacy in the premises and records of SDI which was objectively reasonable and sufficient to confer upon them standing to challenge the search at issue. See United States v. Sarkisian, 197 F.3d 966, 986 (9th Cir. 1999) and United States v. Gonzalez, Inc., 412 F.3d 1102 (9th Cir. 2005).

/ / /

/ / /

### 2. **Whether the Items to be Seized Were Described With Sufficient Particularly**

The Government objects to the Magistrate Judge's finding that eleven of the twenty-four items described in Attachment "B" to the Warrant as items subject to seizure are not described with sufficient particularity. The Government further argues that contrary to the Magistrate Judge's finding, Special Agent Bomdstad's Affidavit was incorporated into the Search Warrant and provides the particularized description necessary to sustain the seizure of all items. Again, the Court disagrees and sustains the findings of the Magistrate Judge with regard to lack of a particularized description of items in question.

The Magistrate Judge carefully considered and properly rejected the Government's argument that suitable words of reference were contained in the Search Warrant to incorporate Special Agent Bomdstad's Affidavit. Even if the affidavit were deemed to be incorporated, however, a description of sufficient particularity with regard to items 2, 4, 7, 8, 9, 10, 11, 12,13,19, and 24 is still lacking.

### 3. **The Good Faith Exception**

The Government next argues that the "Good Faith" exception to the Exclusionary Rule laid out by the Supreme Court in United States v. Leon, 468 U.S. 897 (1984) and Massachusetts v. Shepard, 468 US 981 (1984) should apply to the eleven categories of evidence to be suppressed on the Magistrate Judge's Recommendation.

The Government bears the burden of proving that in searching for and seizing the disputed evidence, the searching agents held an Objective Good Faith belief that the Search Warrant was valid. Properly relying on the holdings of the 9th Circuit Court of Appeals in United States v. Kow, 58 F.3d 423 (9th Cir. 1995) and Center Art Galleries-Hawaii, Inc v. United States, 875 F.2d 747 (9th Cir. 1989), the Magistrate Judge correctly found they did not.

**B.  Defendant's Objections**

The Fourth Amendment warrant requirement insures that the inferences supporting probable cause be drawn by a neutral and detached magistrate, rather than by those engaged in gathering evidence of crime.  Both the Fourth Amendment and Rule 41 (e)(2) of the Federal Rules of Criminal of Procedure expressly require that a Search Warrant "particularly describe" the place to be searched and the things to be seized.  The particularity requirement is fundamental to protect against exploratory searches.  It "assures the individual who's property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." Groh v. Rameriz 540 U.S. 551, 561 (2004).

The Court concurs in the Findings of the Magistrate Judge that the Search Warrant at issue here was unconstitutionally overbroad because the lack of particularity provided "no guidance in limiting the search" and "no direction to government agents regarding the purpose of the search or what types of records" were within its scope. (Findings and Recommendation at 33, 36).  However, Defendants object to the Magistrate Judge's ruling to the extent that it did not recommend the suppression of all material seized from premises of SDI, and its offsite storage facility, as the product of an impermissible General Warrant.

Here, the dispositive issue confronting the Court is not whether the Fourth Amendment was violated, but the scope of the remedy to be granted.  According a remedy under the exclusionary rule requires the Court to evaluate whether the remedy fashioned serves the remedial purpose of deterring future unlawful police conduct thereby promoting the Fourth Amendment guarantee against unreasonable searches and seizures.  United States v. Sears, 411 F.3d 1124, 1128 (9th Cir. 2005).

In Sears, the Ninth Circuit Court of Appeals held that where the violation of the particularity requirement of Fourth Amendment "was not flagrant, and where the invalid

portions of the warrants were relatively insignificant," blanket suppression was not required.  <u>Sears</u> at 1125.  In <u>Sears</u>, the court discussed the three factors to be considered in determining whether the exclusionary rule should apply in a particular case:

> "(1) whether suppression would affect the group conduct that the exclusionary rule was designed to punish, i.e., police misconduct; (2) the source of the error in the particular case and whether any evidence suggested that the source, e.g., issuing magistrates, was inclined to ignore or subvert the Fourth Amendment; and (3) the basis for believing the exclusion of evidence will have a significant deterrent effect upon the source of the error."

While the Court concurs in and adopts the factual findings made by the Magistrate Judge, the Court concludes that the particular facts of this case are more closely akin to those present in <u>United States v. Cardwell</u>, 680 F.2d 75 (9th Cir. 1982), <u>United States v. Spilotro</u>, 800 F.2d 959 (9th Cir. 1986), and <u>United States v. Kow</u>, 58 F.3d 423 (9th Cir. 1995).  The particularity deficiencies in the Search Warrant, the failures of the supervising search agent, and the wholesale seizure of the vast majority of SDI's documents, and computer files, including many having no relevance to the persons, entities or subject matter under investigation, lead to the conclusion that the actions of the searching agents constituted an impermissible general search which warrants suppression of all evidence seized.

IT IS THEREFORE ORDERED that Plaintiff United States Objections to the Findings and Recommendation of the United States Magistrate Judge (Doc. #113) are OVERRULED.

IT IS FURTHER ORDERED that Defendants' Objections to the Findings and Recommendation of the United States Magistrate Judge (Doc. #114) are SUSTAINED.

///

///

///

1    IT IS FURTHER ORDERED that the Findings and Recommendation of the
2 United States Magistrate Judge (Doc. #101) are AFFIRMED to the extent the Magistrate
3 Judge has recommended that Defendants' Motion to Suppress (Doc. #41) be granted, and
4 overruled to the extent they recommend denial.
5    IT IS FURTHER ORDERED that Defendants' Motion to Suppress (Doc. #41) is
6 hereby GRANTED and that all materials seized as a result of the search of the SDI premises
7 and SDI's offsite storage facility on January 31, 2002, and all evidence derived therefrom is
8 suppressed and shall be excluded from use as evidence by Plaintiff United States at trial.
9    IT IS FURTHER ORDERED that Defendants' Motion for a Franks Hearing
10 (Doc. #42) and the Objections of the parties (Doc. #119) and (Doc. #120) to the Findings and
11 Recommendation regarding Defendants' Motion for Franks Hearing (Doc. #115) entered by
12 Magistrate Judge Foley, are hereby DENIED as moot.

14 Dated: April 4, 2007.

_____
PHILIP M. PRO
United States District Judge